OPINION *Page 2 
{¶ 1} Defendant-appellant Melissa Grimes appeals her sentence following her plea of guilty to two counts of robbery. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS AND THE CASE {¶ 2} On March 8, 2006, appellant Grimes requested a room at the Super 8 Motel located at 1177 Hebron Road, Heath, Ohio. When the motel clerk started to show appellant a room, appellant forced the clerk behind the front desk and robbed her. Appellant told the clerk she had a gun and would use it if the clerk did not cooperate. Appellant took approximately $100.00.
 {¶ 3} On March 28, 2006, appellant entered the Circle K gas station located at 369 West Church Street, Newark, Ohio, and requested an employment application. After completing the application, appellant informed the clerk that she was being robbed, and told the clerk to open the register. When the register would not open, appellant punched the clerk in the face.
 {¶ 4} On April 10, 2006, appellant was indicted on one count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree, and one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree. Appellant pleaded guilty to both charges. On April 23, 2006, a sentencing hearing was conducted at which appellant was sentenced to four (4) years on count one, and six (6) years on count two, to be served consecutively for an aggregate sentence of ten (10) years.
 {¶ 5} During the sentencing hearing, the trial court stated: "With regard to these matters, the Court notes that in this case a minimum sentence would demean the seriousness of the offenses, would not adequately protect the public and would not *Page 3 
adequately punish the defendant. The Court notes that there was physical violence, threats of physical harm, statement [sic] that she had a gun. Further, the defendant has prior prison served. The Court also at this time feels that consecutive sentences are necessary to protect the public, to adequately punish the defendant, and that the sentence the Court is going to be handing down is not disproportionate to the conduct of the defendant, the danger she poses to the community, again noting the physical violence, threats with a gun, prior prison. The Court notes that the defendant is accountable for her conduct, and there are consequences for what you have done." See, Tr. of Apr.23, 2006, Change of Plea and Sentencing hearing at 21-22.
 {¶ 6} Appellant appeals her sentence, setting forth the following assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED WHEN IT USED JUDICIAL FACTFINDING [SIC] IN DETERMINING APPELLANT'S SENTENCE."
 {¶ 8} In her sole assignment of error, appellant argues that the trial court erred when it engaged in judicial fact-finding when imposing sentence upon appellant.
 {¶ 9} Appellant essentially argues that her more than minimum consecutive sentences were unconstitutional pursuant to Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and that her sentence must be reversed and her case remanded for re-sentencing. We agree.
 {¶ 10} The Ohio Supreme Court, in Foster, supra, found certain provisions of Ohio's sentencing statute unconstitutional because those provisions required judicial fact-finding in order to exceed the sentence allowed after a conviction or plea. Among *Page 4 
these provisions was R.C. 2929.14(B), which provided for more than the minimum prison term and R.C. 2929.14(E)(4) which provided for consecutive sentences.
 {¶ 11} To remedy Ohio's felony sentencing statutes, the Ohio Supreme Court, in Foster, severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption. Foster at ¶ 97. The Court also severed R.C. 2929.14(E)(4) which required judicial fact-finding for consecutive sentences. Id. Thus, the Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 12} Accordingly, because appellant's "more than the minimum" consecutive sentences are based upon an unconstitutional statute that was deemed void in Foster, supra, appellant's sole assignment of error is sustained.
 {¶ 13} Accordingly, the judgment of the Licking County Court of Common Pleas is reversed and this matter is remanded to the trial court for a new sentencing hearing.
 By: Edwards, J., Gwin, P.J. and Farmer, J. concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed and this matter is remanded to the trial court for a new sentencing hearing. Costs assessed to appellee. *Page 1